# UNITED STATES DISTRICT COURT, DISTRICT OF NEW MEXICO
## SENTENCING MINUTE SHEET ON VIOLATION OF SUPERVISED RELEASE

| | | | |
|---|---|---|---|
| CR No.: | 19-3113 JB | USA vs. | PADILLA, et al. |
| Date: | 3/13/2025 | Name of Deft: | Luis Sanchez |
| Before the Honorable | | James O. Browning | |
| Time In/Out: | 1:41 PM/2:47 PM | Total Time in Court: | 1:06 |
| Clerk: | C. Padilla | Court Reporter: | Jennifer Bean |
| AUSA: | Louis Mattei | Defendant's Counsel: | Diego Esquibel |
| Sentencing in: | ABQ | Interpreter: | N/A |
| Probation Officer: | Robert Vigil | Sworn? Yes / No | |
| Convicted on: | X Plea / Verdict | As to: | MC, MC Amended and SPC Amended |
| Date of Plea/Verdict: | March 13, 2025 | | |

### SENTENCE IMPOSED

**Imprisonment (BOP):** 2 days or time served, whichever is less.

| Supervised Release: | 18 months | Probation: | | 500-Hour Drug Program |
|---|---|---|---|---|

### SPECIAL CONDITIONS OF SUPERVISION

| | | | |
|---|---|---|---|
| ` | No re-entry without legal authorization | | Home confinement for _____ months _____ days |
| | Comply with ICE laws and regulations | | Community service for _____ months _____ days |
| | ICE to begin removal immediately or during sentence | | Reside halfway house for |
| X | Participate in outpatient substance abuse treatment program | | Register as sex offender |
| | Participate in mental health program | | Participate in sex offender treatment program |
| X | No alcohol | | Possess no sexual material |
| X | Submit to search of person/property | | No computer with access to online services |
| X | No contact with victim(s) and/or co-Deft(s) | | No contact with children under 18 years |
| | No entering, or loitering near, victim's | | No volunteering where children supervised |
| | Provide financial information | | Restricted from occupation with access to |
| | Grant limited waiver of confidentiality | | No loitering within 100 feet of school yards |

| X | OTHER: |
|---|---|

--You shall waive your right of confidentiality and allow the treatment provider to release treatment records to the probation officer and sign all necessary releases to enable the probation officer to monitor your progress. The probation officer may disclose the presentence report, any previous substance abuse evaluations and/or other pertinent treatment records to the treatment provider.

--You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed more than 60 test(s) per year. Testing may include urine testing, the wearing of a sweat patch, and/or any form of prohibited substance screening or testing. You must not attempt to obstruct or tamper with the substance abuse testing methods. You may be required to pay all, or a portion, of the costs of the testing.

--You must participate in the Remote Alcohol Detection Program for a period of 6 months, using

| | | | | | |
|---|---|---|---|---|---|
| | mobile breath-alcohol concentration detection technology, and must abide by all technology requirements. You are to refrain from any use of alcoholic beverages. Testing shall not exceed more than 4 test(s) per day. You must follow all program rules and may be required to pay all or part of the costs of participation in the alcohol monitoring program, including equipment loss or damage, as directed by the Court and/or the officer.<br><br>--You must not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic cannabinoids, synthetic cathinones, etc.) that impair your physical or mental functioning, whether or not intended for human consumption. | | | | |
| Fine: $ | N/A | | Restitution: $ | N/A | |
| SPA: $ | N/A    ($100 as to each Count) | | Payment Schedule: | Due Immediately | Waived |
| OTHER: | | | | | |
| X | Advised of Right to Appeal | | Waived Appeal Rights per Plea Agreement | | |
| | Held in Custody | | Voluntary Surrender | | |
| | Recommended place(s) of incarceration: | | | | |
| | Dismissed Counts: | | | | |
| OTHER COMMENTS | Court outlines basis for violation and explains charges to Defendant – Defendant represents he understands the charges. Court asks USPO if violation would make revocation mandatory? USPO informs does not. Court states maximum possible penalties. Upon Court's inquiry, defense counsel represents Defendant will admit to MC, MC Amended, and SPC Amended. AUSA will dismiss controlled substance violation. USPO concurs with the Government. Defendant sworn; Court conducts plea colloquy as to violation; Defendant admits - defense counsel concurs in the guilty plea to same. AUSA declines to provide further factual basis to support allegations as to violation. Defendant and defense counsel acknowledge Govt.'s case could be proven by hearing. Upon Court's inquiry, AUSA, agrees that supervision should be revoked, defense counsel and Defendant do not agree. Court concludes that the Defendant has voluntarily, knowingly, intelligently and understandingly admitted to violation, accepts the guilty plea and finds Deft. has violated the conditions of supervised release. Defense counsel addresses-requests that if the court is going forward with the violation that his client be revoked and that he be reinstated to a term of supervised release for a year. Defendant allocutes. AUSA addresses Court, requests a guideline sentence; USPO requests 3-month custody term with 18 months supervised release. Court announces sentence – provides findings to support imposition of special conditions. | | | | |